# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAYLA PICCINI, et al.,<br><br>                              Plaintiffs,<br>v.<br>CITY OF SAN DIEGO,<br><br>                              Defendant | Case No.: 21-cv-1343 W (KSC)<br><br>**ORDER:**<br>**(1) GRANTING MOTION TO STRIKE THE SECOND AMENDED COMPLAINT [DOC. 6]; AND**<br>**(2) GRANTING MOTION TO DISMISS [DOC. 4] WITH LEAVE TO AMEND** |

    Pending before the Court is Defendant City of San Diego's motion to dismiss the First Amended Complaint ("FAC") and motion to strike the Second Amended Complaint ("SAC"). Plaintiffs oppose the motion to dismiss and strike the SAC.

    The Court decides the matters on the papers submitted and without oral argument. See Civ.L.R. 7.1d1. For the reasons that follow, the Court **GRANTS** the motion to strike the SAC [Doc. 6] and **GRANTS** the motion to dismiss the FAC [Doc. 4] **WITH LEAVE TO AMEND**.

//
//

## I. INTRODUCTION

On July 27, 2021, Plaintiffs filed this lawsuit against the City of San Diego arising from the arrest of Plaintiff Shayla Piccini following her attendance at a peaceful protest in San Diego on June 4, 2020. (*Compl.* [Doc. 1] ¶ 12.) As Piccini and her cousins, Plaintiffs Brandi Matthews and Jaycie Matthews, walked back to Piccini's car, "an unmarked minivan pulled up ahead of them, and multiple unidentified men in full combat gear surrounded PICCINI and her friends." (*Id.* ¶ 15.) The men did not have badges visible. (*Id.* ¶ 17.) The men slammed Piccini to the ground, handcuffed her and threw her into the unmarked van. (*Id.* ¶ 16.) Piccini's cousins began filming the men and asking who they were and where they were taking Picinni. (*Id.*) At one point a man yelled that "'[i]f you follow us, we will shoot you' or words to that effect." (*Id.*) Piccini was driven away and later booked into Las Colinas Detention Facility. (*Id.* ¶ 17.)

The original Complaint asserted eight causes of action for: (1) Violation of 42 U.S.C. § 1983 (false arrest); (2) Violation of 42 U.S.C. § 1983 (excessive force); (3) Violation of 42 U.S.C. § 1983 – Monell (failure to properly train/supervise); (4) Battery; (5) Intentional infliction of emotional distress; (6) Violation of Ralph Act (Civil Code § 51.7); (7) Bane Civil Rights Act (Civil Code § 52.1); and (8) Negligence. (*See Compl.*[1])

On September 28, 2021, Plaintiffs filed the FAC. (*FAC* [Doc. 3].) It contains the same eight causes of action included in the original Complaint. On December 8, 2021, the City filed a motion to dismiss and strike certain allegations in the FAC. (*MTD I* [Doc. 4].) Plaintiffs did not file an opposition and instead filed the SAC on November 24, 2021. (*SAC* [Doc. 5].)

On December 8, 2021, the City filed a motion to dismiss and strike the SAC. (*MTD II* [Doc. 6].) The City argues, among other things, that the SAC must be stricken

---

[1] There is no indication the Complaint was served on the City.

because it violates Federal Rule of Civil Procedure 15.  (*MTD P&A II* [Doc. 6-1] 3:21–4:5.)

## II. DISCUSSION

### A. Plaintiffs violated FRCP 15(a)(1) when they filed the SAC.

Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within:"

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Id.  Subsection (2) then provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Id.

Here, Plaintiffs filed the FAC as a matter of course.  They also filed the SAC as a matter of course, meaning without obtaining the City's consent or leave of court before filing the SAC.  Thus, Plaintiffs have amended their pleading twice as a matter of course, not once.

Plaintiffs nevertheless argue they did not violate Rule 15 because the SAC was filed within 21 days of the City filing its motion to dismiss.  (*Opp'n to MTD II* [Doc. 7] 5:8–10.)  In essence, Plaintiff suggest that each time a defendant files a motion to dismiss, the plaintiff may file a new amended pleading as a matter of course.

Plaintiffs' interpretation ignores the first part of Rule 15(a)(1), which states that a "party may amend its pleading *once as a matter of course*…." Id. (emphasis added).  Because Plaintiffs amended their pleading once as a matter of course by filing the FAC, they needed the City's consent or leave of Court before filing the SAC.  The Court will, therefore, strike the SAC.

3

**B.      Plaintiffs failed to oppose the City's motion to dismiss the FAC.**

The hearing date for the City's motion to dismiss the FAC was December 27, 2021.  (*MTD I* [Doc. 4].)  Rather than file an opposition, Plaintiffs filed the SAC.

This Court's local rules provide, "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion …."  Civ. L.R. 7.1.f.3.c.  Because Plaintiffs failed to file an opposition, the Court will grant the motion to dismiss the FAC.

However, Plaintiffs' failure to file an opposition was clearly not a consent to the merits of the City's motion.  Instead, it appears to have been due to their incorrect interpretation of Rule 15.  Accordingly, the Court will grant Plaintiffs' leave to amend the FAC.

### III.   CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** the motion to strike the SAC [Doc. 6] and **GRANTS** the motion to dismiss the FAC [Doc. 4] **WITH LEAVE TO AMEND**.  Plaintiffs' Second Amended Complaint is due on or before **April 22, 2022**.

**IT IS SO ORDERED.**

Dated:  April 7, 2022

_____
Hon. Thomas J. Whelan
United States District Judge